MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL, SBN 257163
cgonell@morganlewis.com
JOHN D. HAYASHI, SBN 211077
jhayashi@morganlewis.com
ALEXANDER L. GRODAN, SBN 261374
agrodan@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A.
and JPMORGAN CHASE & CO.

UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA M. SIMPSON and REGINA STURDIVANT, individually, on behalf of themselves, all other similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK; JPMORGAN CHASE & CO.; CHASE HOME FINANCE LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:11-cv-985-BEN-CAB<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A. 'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, STAY, OR TRANSFER THE INSTANT ACTION PURSUANT TO THE FIRST-TO-FILE RULE**<br><br>Date:  August 29, 2011<br>Time:  10:30 a.m.<br>Courtroom:  3<br>Judge:  Hon. Roger T. Benitez |

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS, TRANSFER, OR STAY
CASE NO. 3:11-CV-985-BEN-CAB

DB2/ 22514235

## I. INTRODUCTION

Plaintiffs Regina M. Simpson and Regina Sturdivant (collectively, "Plaintiffs") have filed this copy-cat action against JPMorgan Chase Bank, N.A. ("Chase") and JPMorgan Chase & Co. (together, "Defendants"),[1] alleging violations of California law arising from their claim that they, and the putative class of bank branch employees they purport to represent, were not paid proper overtime and vacation pay, and were not reimbursed for business expenses.

Each allegation in the *Simpson* action, however, is already being litigated in other pending actions, as *Simpson* is the last-filed of several overlapping putative class actions – *Villegas v. JPMorgan Chase & Co. et al.*, N.D. Cal. Case No. 4:09-cv-00261-SBA (filed December 18, 2008 and pending in the Northern District of California), *Salazar v. JPMorgan Chase & Co., et al.*, C.D. Cal. Case No. 2:11-cv-04294-PSG (filed February 17, 2011 and pending in the Central District of California), and *Hightower v. JPMorgan Chase Bank, N.A.*, C.D. Cal. Case No. 2:11-cv-01802-PSG (filed on March 2, 2011 and pending in the Central District of California).

Given that the *Simpson* action was filed while these earlier-filed actions were already pending, Chase seeks to dismiss, stay, or transfer the *Simpson* action pursuant to the "first-to-file" rule. All elements of the first-to-file rule are satisfied -- the *Simpson* action was filed after the pending actions, it involves substantially similar parties (Chase bank employees), and it involves substantially similar claims (overtime, vacation pay, and business expenses). Accordingly, the Court should dismiss or stay this action, or transfer it to the Central District of California, where the other Chase cases are currently pending.

## II. FACTUAL AND PROCEDURAL BACKGROUND
### A. The First Action: *Villegas v. JPMorgan Chase & Co.*

On December 18, 2008, plaintiff Nicole Villegas filed a putative class action entitled *Villegas v. JPMorgan Chase & Co.* in the Superior Court for the State of California, Alameda

---

[1] "Chase Home Finance LLC" is not presently an extant corporate entity. Chase retains all defenses with respect to the improper naming of both "Chase Home Finance LLC" and "Chase JPMorgan Chase & Co." as defendants in this action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22514235

1

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS, TRANSFER, OR STAY
CASE NO. 3:11-CV-985-BEN-CAB

County, Case No. RG08426186. Declaration of Carrie A. Gonell ("Gonell Decl.") ¶ 2, Exh. 1. Chase successfully removed the action to the Northern District of California on January 21, 2009. *See Villegas* Dkt. 1. Plaintiff Villegas filed a third and final amended complaint on January 6, 2011. Dkt. 132. She alleges, among other claims, that Chase miscalculated overtime wages for its nonexempt employees in violation of Cal. Lab. Code §§ 203 and 1194, failed to pay plaintiff vested vacation wages at the end of employment in violation of Cal. Lab. Code §§ 203 and 227.3, and alleges a derivative claim of unfair business practices under Cal. Bus. & Prof. Code § 17200, *et seq*. Exh. 1, ¶¶ 1, 37, 47. Plaintiff Villegas brought her claims on behalf of a putative class of "all past and current non-exempt employees of DEFENDANTS employed in California from December 17, 2004 through the present who were provided wage statements". *Id.* ¶ 19(2).

### B. The Second Action: *Salazar v. JPMorgan Chase & Co.*

On February 17, 2011, plaintiff Carolyn Salazar filed a putative class action entitled *Salazar v. JPMorgan Chase & Co.*, in the Southern District of California, Case No. 3:11-cv-00337. Gonell Decl. ¶ 3; Exh. 2. The *Salazar* complaint alleges that Chase "failed to indemnify Plaintiff and all other class members for necessary expenditures or losses incurred by Plaintiff and all other class members in direct consequence of the discharge of their duties," in violation of Cal. Labor Code § 2802. Exh. 2, ¶ 49.H. Plaintiff Salazar also alleged a derivative unfair business practice claim under Cal. Bus. & Prof. Code § 17200, *et seq*. *Id.* ¶ 63. Plaintiff Salazar seeks to represent a putative class of all current and former employees of Chase who worked in California as "teller[s]." *Id.* ¶¶ 12, 13.

On April 4, 2011, Chase filed a motion to transfer the *Salazar* Action pursuant to 28 U.S.C. §1404 or, in the alternative, to dismiss pursuant to Rule 12(b)(6). *See Salazar* Dkt. No. 7. Salazar did not oppose the motion, and stipulated to transfer her action to the Central District of California. *See Salazar* Dkt. No. 11. The Order granting the transfer was entered on May 18, 2011. *Id*. The *Salazar* Action was subsequently reassigned to the court of District Judge Phillip S. Gutierrez. *See Salazar* Dkt. Nos. 16, 17.

### C. The Third Action: *Hightower v. JPMorgan Chase & Co.*

Plaintiff Evan Hightower originally filed his class action complaint, entitled *Hightower v.*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

2

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS, TRANSFER, OR STAY
CASE NO. 3:11-CV-985-BEN-CAB

DB2/ 22514235

*Washington Mutual Bank*, on March 2, 2011 in the Central District of California, Case No. 11-CV-1802-PSG-PLAx. *See Hightower* Dkt. No. 1. Plaintiff Hightower later substituted JPMorgan Chase Bank, N.A as the named defendant. *See Hightower* Dkt. Nos. 5, 11.

Plaintiff Hightower's amended complaint alleges, among other claims, that Chase did not include "total remuneration" when calculating overtime payments for non-exempt employees in violation of Cal. Lab. Code §1194. Gonell Decl. ¶ 4; Exh. 3 ¶¶ 61, 63-64. Plaintiff Hightower also alleged that Chase failed to pay all compensation due upon discharge, including for vested and unused vacation days, in violation of Cal. Lab. Code §§ 201 and 227.3. Exh. 3 ¶¶ 45.l., 83. In addition to these claims, Plaintiff Hightower alleged an underlying unfair business practice claim under Cal. Bus. & Prof. Code § 17200. *Id.* ¶ 87. Plaintiff Hightower brought his claims on behalf of a putative class of "[a]ll current and former non-exempt employees of Chase who have worked in California at a retail bank branch at any time since September 25, 2008." *Id.* ¶ 39.

Subsequent to the *Hightower* action's initial filing and assignment to Judge Gutierrez, the court reassigned all pending related cases – including other copycat cases – to Judge Gutierrez's court room. On June 10, similar actions against Chase, *Buelna v. JPMorgan Chase & Co.* and *Henderson v. JPMorgan Chase Bank* were also transferred to Judge Gutierrez's court room. Gonell Decl. ¶ 6. Judge Gutierrez scheduled the initial case management conference in all of these cases for September 26, 2011. *Id.*

**D.     The Copycat Action: *Simpson v. JPMorgan Chase & Co.***

On March 10, 2011, Plaintiffs filed their copycat complaint in the Superior Court of California for the County of San Diego, Case No. 37-2011-00087418-CU-BT-CTL. *See Simpson* Dkt. 1. Plaintiffs allege three causes of action: 1) that Chase failed to pay overtime compensation by miscalculating overtime due to employees; 2) that employees were not properly compensated for vacation time; and 3) that Chase did not reimburse employees for business expenses. Gonell Decl. ¶ 5, Exh. 4 ¶¶ 12, 14, 66. Plaintiffs filed this complaint on behalf of a putative class of "all similarly situated former and current California employees" of Chase. Exh. 4 ¶ 37. They divided these employees into three subclasses of current and former California employees. *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

3

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS, TRANSFER, OR STAY
CASE NO. 3:11-CV-985-BEN-CAB

DB2/ 22514235

### III. THIS COURT SHOULD DISMISS THIS ACTION UNDER THE "FIRST-TO-FILE" RULE.

This Court has discretion to dismiss the instant *Simpson* action under the "first-to-file" rule, because similar cases involving similar claims and parties are already pending in other district courts. The Supreme Court has made clear that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money." *Ferens v. John Deere Co.*, 494 U.S. 516, 532 (1990). Accordingly, where multiple actions involving similar parties and similar issues are filed in different federal courts, courts apply the "first-to-file" rule to dismiss, stay, or transfer later-filed actions. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982).

In the Ninth Circuit, the first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) . This well-established rule allows a district court to dismiss the second action after declining jurisdiction. *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir.1982) (dismissing later-filed case).

The underlying purposes of the first-to-file rule are to avoid duplicative litigation and promote judicial efficiency, which "should not be disregarded lightly." *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006); *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998); *Alltrade, Inc. v. Uniweld Products*, 946 F.2d 622, 625 (9th Cir. 1991). The court that "first acquired jurisdiction should try the lawsuit and "no purpose would be served by proceeding with a second action." *Pacesetter*, 678 F.2d at 95. Accordingly, "unless compelling circumstances justify departure from this rule," the first-filed case "should be permitted to proceed without concern about a conflicting order being issued in the later filed action." *Ward*, 158 F.R.D at 648-50.

In the Ninth Circuit, district courts applying the first-to-file rule look to three threshold factors, all of which are met here: (1) the chronology of the two actions (i.e., which action was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 22514235

4

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS, TRANSFER, OR STAY
CASE NO. 3:11-CV-985-BEN-CAB

1  filed first); (2) the similarity of the parties; and (3) the similarity of the issues. *Bryant v. Oxxford*
2  *Express, Inc.*, 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000).
3      In this case, the *Villegas*, *Salazar*, and *Hightower* actions were all filed before this one;
4  the *Villegas* putative class (all California non-exempt employees) and the *Hightower* putative
5  class (all non-exempt California retail branch employees) completely subsume the putative
6  *Simpson* class; the *Simpson* action involves the same defendant (Chase) as the *Hightower,*
7  *Villegas, Salazar*, and *Hightower* actions; and each claim in the *Simpson* action will be litigated in
8  these earlier actions. Because no equitable exceptions to the first-to-file rule exist in this case,
9  this Court should dismiss the *Simpson* Action because it is duplicative of the earlier-filed actions.

10      **A.**     **Chronology of Actions: *Villegas, Salazar,* and *Hightower* Were Filed First**
11      The "chronology of actions" requirement for the first-to-file rule is met, because it is
12  undisputed that the *Villegas*, *Salazar*, and *Hightower* actions were already pending when the
13  *Simpson* action was filed.

14      **B.**     **Similarity of Parties: The Parties Are Substantially Similar**
15      The "similarity of parties" requirement for the first-to-file rule is also met, because Chase
16  is a defendant in all three actions and the entire putative class in the *Simpson* action is subsumed
17  by the putative classes in the earlier filed actions.
18      "The parties in the two actions need not be identical for purposes of the first-to-file rule,
19  but there must be similarity or substantial overlap." *Walker v. Progressive Casualty Ins. Co.*, No.
20  C 03-656R, 2003 WL 21056704 at *2 (W.D. Wash. May 9, 2003); *Inherent.com*, 420 F. Supp. 2d
21  at 1097 (first-to-file rule does not require parties to be identical, only "substantially similar"). In
22  a class or collective action, the putative classes, and not the class representatives, are compared.
23  *Weinstein v. Metlife, Inc.*, No. C-06-4444 SI, 2006 WL 3201045 at *4 (N.D. Cal. Nov. 6, 2006)
24  ("[I]t is the class, not the representative, that is compared."); *Fuller v. Abercrombie & Fitch*
25  *Stores, Inc.*, 370 F. Supp. 2d 686, 689 (E.D. Tenn. 2005) (under the first-to-file rule, plaintiffs in
26  two separate actions are "substantively similar" where "both actions seek certification of the same
27  collective class"). The first-to-file rule applies even if the first-filed action has not yet been
28  certified as a class or collective action. *See Weinstein,* 2006 WL 3201045 at *5 (staying second

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

5

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS, TRANSFER, OR STAY
CASE NO. 3:11-CV-985-BEN-CAB

DB2/ 22514235

1 action despite the fact that the first-filed action had not been certified).

2       Here, Chase is a defendant in all four actions and there is complete overlap between the putative class members in *Simpson* and the putative class members in the earlier actions. The *Villegas* putative class – all past and current non-exempt employees of Chase in California as of December 17, 2004 – subsumes all three subclasses in *Simpson*, allegedly made up of various past and current non-exempt employees of Chase in California. Thus, the *Simpson* putative class members are already members of the *Villegas* putative class.

      Similarly, the California Rule 23 class in *Hightower* – all current and former non-exempt employees of Chase who have worked in California at a retail bank branch – subsumes the *Simpson* subclasses. Like the *Hightower* plaintiffs, the *Simpson* Plaintiffs worked in a retail bank branch and purport to bring their action on behalf of any employees "similarly situated." Based on the complaints, the *Simpson* Plaintiffs are also part of the *Hightower* putative Rule 23 class.

      Lastly, the putative class in *Salazar* entirely subsumes the putative class members in *Simpson* who worked as tellers. Therefore, the putative class in *Simpson* is sufficiently similar to the *Salazar* class in the earlier-filed action. Accordingly, the *Simpson* Plaintiffs meet the second threshold factor of the first-to-file rule.

### C. Similarity of Issues: The Issues Are Substantially Similar

      The three causes of action in the *Simpson* action mimic claims in the earlier-filed actions. "The issue in the two actions need not be identical for purposes of the first-to-file rule, but must only be substantially similar." *Walker*, 2003 WL 21056704 at *3 ("Exact parallelism between the two actions need not exist."); *Fuller*, 370 F. Supp. 2d at 690 ("[T]he issues in the two actions need not be identical; they need only substantively overlap."). "Accordingly, slight differences in the claims asserted do not prevent application of the rule." *Id.*; *see also Ward*, 158 F.R.D. at 648 ("two actions involving overlapping issues" requires application of the first-to-file rule).

      Courts have applied the first-to-file rule to claims that are related to claims already filed. In *Walker*, a collective action was filed in federal court in Louisiana alleging claims for unpaid overtime under the FLSA on behalf of a nationwide class of insurance adjusters. *Walker*, 2003

Morgan, Lewis & Bockius LLP
Attorneys At Law
Irvine

DB2/ 22514235

6

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS, TRANSFER, OR STAY
CASE NO. 3:11-CV-985-BEN-CAB

1    WL 21056704 at *1.  A second action was then filed in the state of Washington, asserting FLSA

2    collective and state law class overtime claims.  *Id.*  Despite the inclusion of the state law claims,

3    the district court found that the earlier-filed Louisiana action involved the same parties and claims

4    and dismissed the Washington action.  *Id.*  When plaintiffs filed a third action omitting the FLSA

5    claims and asserting only state law claims, the court once again dismissed it under the first-to-file

6    rule because the Louisiana action "involve[d] substantially similar parties and claims."  *Id.* at *3.

7    The court reasoned that the primary legal issue under both federal and state law was whether

8    insurance adjusters were properly classified as exempt from overtime requirements, and therefore

9    the third action was still duplicative under the first-to-file rule.  *Id.*

10             Other courts have reached a similar conclusion.  In *Fuller v. Abercrombie & Fitch Stores,*

11   *Inc.*, 370 F. Supp. 2d 686 (E.D. Tenn. 2005), for example, both the first- and second-filed actions

12   asserted claims under the FLSA, but the second-filed action alleged a claim for off-the-clock

13   work not alleged in the first-filed action.  *Id.* at 690.  The district court did not find this difference

14   sufficient to warrant departure from the first-to-file rule, ruling that "the existence of an additional

15   claim in [the second-filed action] does not undermine the appropriateness of applying the first-to-

16   file rule."  *Id.*  The *Fuller* court reasoned that the "crucial issue" in both cases was whether the

17   employer's policy not to pay overtime compensation to managers-in-training and assistant

18   managers violated the FLSA.  Consequently, "[p]ermitting both actions to proceed to judgment

19   risks the possibility of inconsistent results."  *Id.*

20             Similarly, in *Meintz v. Regis Corp.*, No. 09-cv-2061 WQH (CAB), 2010 WL 625338

21   (S.D. Cal. Feb. 16, 2010), plaintiff filed a complaint alleging nine causes of action under the

22   California Labor Code and Business Professions Code, including a claim for reimbursement of

23   business expenses pursuant to California Labor Code section 2802.  *Id.* at *1.  Defendant moved

24   to stay the action under the first-to-file rule, because an action alleging similar claims had been

25   filed nearly a year earlier.  *Id.* at **1-2.  In opposing the motion to stay, the *Meintz* plaintiff

26   argued that the actions were not substantially similar, because his action included a claim for

27   violation of California Labor Code section 2802, whereas the first-filed action did not.  *Id.* at *2.

28   Notwithstanding this difference, the court appropriately granted defendant's motion to stay under

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

7

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS, TRANSFER, OR STAY
CASE NO. 3:11-CV-985-BEN-CAB

DB2/ 22514235

the first-to-file rule. *Id.* at *3.

Here, the *Simpson* Plaintiffs seek to adjudicate whether Chase correctly calculated the overtime payments for non-exempt employees, whether Chase properly compensated for all accrued vacation days at termination, whether Chase reimbursed the putative class members for necessary business expenditures -- the same issues that the plaintiffs in *Hightower, Salazar* and *Villegas* alleged first. Further, *Villegas*, *Hightower*, and *Simpson* each seek to recover the same types of relief on behalf of the same putative class members. Indeed, allowing multiple courts to adjudicate the same issues would both impede judicial efficiency and run a significant risk of conflicting judgments, two principles that run contrary to the first-to-file rule. Further, inconsistent rulings on whether and to what extent notice should be sent to purported members of all three classes would create confusion, at best, and chaos, at worst.

Thus, the earlier cases of *Villegas*, *Hightower*, and *Salazar* were already adjudicating substantially similar issues to each cause of action that the *Simpson* Plaintiffs alleged when they filed their claim.

### D. Equitable Considerations Do Not Warrant An Exception to the First-to-File Rule

In certain equitable situations, such as bad faith, anticipatory suit, and forum shopping – none of which exist here – some courts recognize exceptions to the first-to-file rule. *See Alltrade*, 946 F.2d at 628; *see also Meintz,* 2010 WL 625338 at *2 ("[U]nless a lawsuit was filed in bad faith, was anticipatory, or involved forum shopping, courts should generally apply the first to file rule."). None of these equitable exceptions apply here, because the *Simpson* lawsuit was not an anticipatory suit filed by Chase, but a lawsuit filed by other Chase employees. Forum shopping is not present, because all of these cases allege the same violations of the California Labor Code, which any of the courts can aptly handle.

Accordingly, this Court should dismiss the instant action as a later-filed case involving similar claims and parties. *See, e.g., Pacesetter,* 678 F.2d at 94-95 (dismissing later-filed case and recognizing that the first-to-file rule permits a district court to decline jurisdiction over a later-filed case and dismiss the action); *Walker,* 2003 WL 21056704 at *3 (dismissing later-filed

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

8

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS, TRANSFER, OR STAY
CASE NO. 3:11-CV-985-BEN-CAB

DB2/ 22514235

action under the first-to-file rule.). A dismissal would promote judicial efficiency, avoid duplication of litigation, and would avoid potential inconsistent adjudication of issues.

### IV. IN THE ALTERNATIVE, THE COURT SHOULD STAY THE *SIMPSON* ACTION, OR TRANSFER PROCEEDINGS TO THE CENTRAL DISTRICT OF CALIFORNIA, WHERE THE EARLIER-FILED CASES ARE PENDING.

In addition to dismissing this action entirely, this Court also has discretion under the first-to-file rule to stay the *Simpson* action, or transfer the *Simpson* action to the Central District of California, where the *Salazar* and *Hightower* actions are currently pending before the same judge. *See Alltrade*, 946 F.2d at 629 (staying later-filed case); *Jumapao v. Washington Mutual Bank F.A.,* No. 06-CV-2285-W-RBB, 2007 WL 4258636 (S.D. Cal. Nov. 30, 2007) (transferring later-filed case to the district where the first-filed action is pending); *Fuller*, 370 F. Supp. 2d at 690-91 (transferring case to the first-filed court and noting that transfer was not pursuant to 28 U.S.C. § 1404 but "pursuant to the Court's inherent authority under the first-to-file rule").

Here, if the Court chooses not to dismiss this copycat action, it should either stay the *Simpson* action or transfer it to the Central District of California. The *Hightower* and *Salazar* actions are currently pending before District Judge Gutierrez and he is also presiding over two other related cases against Chase, *Buelna v. JPMorgan Chase & Co.* and *Henderson v. JPMorgan Chase Bank*.

### V. CONCLUSION

For the foregoing reasons, the Court should apply the first-to-file rule and dismiss the copycat *Simpson* action. In the alternative, the Court should stay the *Simpson* action, or transfer it to the Central District of California, where the earlier filed-actions are pending.

Dated: June 27, 2011      MORGAN, LEWIS & BOCKIUS LLP

By /s/Carrie A. Gonell
 Carrie A. Gonell
 Attorneys for Defendants
 JPMORGAN CHASE BANK, N.A., and
 JPMORGAN CHASE & CO.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

9

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 3:11-CV-985-BEN-CAB

DB2/ 22514235

# PROOF OF SERVICE

<u>Simpson v. JPMorgan Chase Bank, et al.</u>

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On June 27, 2011, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MEMOURANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, STAY, OR TRANSFER THE INSTANT ACTION PURSUANT TO THE FIRST-TO-FILE RULE**

[ ]  **BY FAX:** - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ ]  **BY MAIL:** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY OVERNIGHT MAIL - By FEDERAL EXPRESS,** following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]  **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

[ ]  **BY ELECTRONIC SERVICE** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on June 27, 2011.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is pmartin@morganlewis.com.

[ X ]  **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| LAW OFFICES OF SHELDON A. OSTROFF<br>Sheldon A. Ostroff, APC<br>1441 State Street<br>San Diego, CA  92101<br>Phone: 619.544.0881 | *Attorneys for Plaintiff REGINA SIMPSON* |
| HUFFMAN & KOSTAS<br>James C. Kostas, APC<br>David Huffman, APC<br>1441 State Street<br>San Diego, CA  92101<br>Phone: 619.544.0880 | |

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on June 27, 2011, at Irvine, California.

*/s/ Patricia Martin*

Patricia Martin